UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME McCOY,<br><br>       Plaintiff,<br><br>    v.<br><br>CALIFORNIA CORRECTIONAL<br>HEALTH CARE SERVICES et al.,<br><br>       Defendants. | No.  2:14-cv-1140 DAD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

2    1915(b)(2).

3                              **SCREENING REQUIREMENT**

4          The court is required to screen complaints brought by prisoners seeking relief against a

5    governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

6    1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

7    that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8    granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

9    U.S.C. § 1915A(b)(1) & (2).

10         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16   Cir. 1989); Franklin, 745 F.2d at 1227.

17         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

18   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

19   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

20   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

21   However, in order to survive dismissal for failure to state a claim a complaint must contain more

22   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

23   allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

24   U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

25   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

26   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

27   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

28   /////

                                             2

1   The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In the present case, plaintiff has identified as defendants California Correctional Health Care Services and "Theresa."  In his complaint plaintiff alleges that dental staff used the language "Nigger" when speaking to him and told him he would be the last person to see the dentist.  In terms of relief, plaintiff requests monetary damages.  (Compl. at 11 & Attachs.)

**DISCUSSION**

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

3

the defendants and must allege facts that support the elements of the claim plainly and succinctly.

Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

with at least some degree of particularity overt acts which defendants engaged in that support his

claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended

complaint.

    If plaintiff chooses to file an amended complaint, plaintiff must allege facts demonstrating

how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or

statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  In addition, plaintiff must

allege in specific terms how each named defendant was involved in the deprivation of plaintiff's

rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S.

362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights

violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

    Plaintiff's complaint suffers from a number of deficiencies.  First, "California

Correctional Health Care Services" is not a proper defendant in this § 1983 action.  Likewise,

even if plaintiff is able to state a cognizable claim against defendant "Theresa," a first name may

not be sufficient information for the United States Marshal to serve this defendant as identified.

In any amended complaint that plaintiff elects to file, plaintiff should try to include this

defendant's first and last name to ensure proper service of process.

    Next, plaintiff's complaint concerning defendant Theresa's alleged use of a racial epithet

in and of itself fails to state a cognizable claim for relief.  Plaintiff is advised that allegations of

verbal harassment or abuse alone do not violate the Constitution.  Austin v. Terhune, 367 F.3d

1167, 1171-72 (9th Cir. 2004); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987)

(vulgar language and verbal harassment do not state a constitutional deprivation under § 1983).

    On the other hand, insofar as plaintiff is attempting to proceed on a claim of

discrimination in the provision of health care services on the basis of plaintiff's race, he may be

1   able to state a cognizable claim for relief under the Equal Protection Clause.  The Equal

2   Protection Clause "is essentially a direction that all persons similarly situated should be treated

3   alike."  City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985).  "Prisoners

4   are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious

5   discrimination based on race."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

6          To state a cognizable claim under the Equal Protection Clause, a prisoner "must plead

7   intentional unlawful discrimination or allege facts that are at least susceptible of an inference of

8   discriminatory intent."  Monteiro v. Tempe Union High School District, 158 F.3d 1022, 1026 (9th

9   Cir. 1998).  "Intentional discrimination means that a defendant acted at least in part because of a

10  plaintiff's protected status."  Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (emphasis in

11  original) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)).  In any

12  amended complaint that plaintiff elects to file, he must allege facts that, if proven, would

13  demonstrate that defendant Theresa intentionally discriminated against him on the basis of his

14  race.  In addition, plaintiff must allege how he was harmed by the defendant's alleged conduct.

15         Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

16  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

17  complaint be complete in itself without reference to any prior pleading.  This is because, as a

18  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

19  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

20  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

21  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

23         Accordingly, IT IS HEREBY ORDERED that:

24         1.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is granted.

25         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee

26  shall be collected and paid in accordance with this court's order to the Director of the California

27  Department of Corrections and Rehabilitation filed concurrently herewith.

28         3.  Plaintiff's complaint is dismissed.

1        4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

2    complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

3    Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

4    assigned to this case and must be labeled "Amended Complaint"; failure to file an amended

5    complaint in accordance with this order will result in a recommendation that this action be

6    dismissed without prejudice.

7        5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a civil

8    rights action.

9    Dated:  July 18, 2014

10

11                                                    DALE A. DROZD

12                                                    UNITED STATES MAGISTRATE JUDGE

     DAD:9
13   mcco1140.14a

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28